UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS CANDO,<br>in his individual capacity<br>and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>TRES CONSTRUCTION LLC,<br>GEORGE KALERGIOS, an individual,<br>TRES CONSTRUCTION BUILDING INC.,<br>TRES CONSTRUCTION PARTNERS INC.,<br>TRES CONSTRUCTION FIRM INC.,<br>31-18 24TH AVENUE LLC,<br>KALERGIOS FAMILY LLC, and<br>ZEUS WASTE MANAGEMENT, INC.<br><br>       Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. 1:21-cv-00690<br><br><u>**JURY TRIAL REQUESTED**</u> |

## INTRODUCTION

1. Plaintiff Luis Cando worked for Defendants' construction company for about a decade, up until the pandemic hit. Throughout his employment his wages were underpaid, his time was shaved, and he was not properly compensated for the hours he worked overtime.

2. To challenge these and other wage violations, on behalf of himself and others similarly situated, Plaintiff brings this action, by and through his attorneys, against Defendants Tres Construction LLC and its principal, George Kalergios, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL").

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred within this district and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Tres Construction LLC**

6. Defendant **Tres Construction LLC** (hereinafter "Tres Construction") f/k/a Tres Construction & Supply LLC is a New York LLC doing business within Queens County, and whose principal place of business is located at 20-62 26th St. Astoria, New York, 11105. Its DOS Process agent is listed with the NYS Department of State as Irene Kalergios at the same address.

7. At all relevant times, Defendant Tres Construction LLC had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant Tres Construction LLC was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times material to this action, Defendant Tres Construction LLC was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 2

**Defendant George Kalergios**

10. Defendant Georgie Kalergios, an individual, resides at 15 Center Drive, Malba, New York, upon information and belief.

11. Defendant Kalergios has an ownership interest in and/or is a shareholder of Tres Construction LLC.

12. Defendant Kalergios is one of the ten largest shareholders of Tres Construction LLC.

13. At all times material to this action, Defendant Kalergios actively participated in the business of the Tres Construction LLC.

14. At all times material to this action, Defendant Kalergios exercised substantial control over the functions of the company's employees including Plaintiff. For example, he hired the Plaintiff, set his rate of pay, directed his day-to-day activities, and had the authority to terminate his employment.

15. At all times material to this action, Defendant Kalergios was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA and NYLL

**Other Defendant Entities**

16. Defendants Tres Construction Building Inc., Tres Construction Partners Inc., Tres Construction Firm Inc., 31-18 24th Avenue LLC, Kalergios Family LLC, and Zeus Waste Management, Inc. are other entities owned (or partially owned) by Defendant Kalergios (and/or his immediate family members).

17. Together, these entities formed a single integrated enterprise. Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA,

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 3

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

29 U.S.C. § 203(r). Upon information and belief these entities shared common ownership, common management, personnel, infrastructure, purposes, clients, and/or other resources.

18. **Tres Construction Building Inc.** is a New York corporation doing business within Queens County. Its DOS Process agent is listed with the NYS Department of State as Tres Construction Building Inc. with an address of 20-62 26th St. Astoria, New York, 11105. Its DOS Process agent is listed with the NYS Department of State as Tres Construction Building Inc. at the same address.

19. Defendant Kalergios has an ownership interest in and/or is a shareholder of Tres Construction Building Inc.

20. **Tres Construction Partners Inc.** is a New York corporation doing business within Queens County. Its DOS Process agent is listed with the NYS Department of State as Tres Construction Partners Inc. with an address of 20-62 26th St. Astoria, New York, 11105. Its DOS Process agent is listed with the NYS Department of State as Tres Construction Partners Inc. at the same address. Defendant Kalergios is listed as its Chief Executive Officer.

21. Defendant Kalergios has an ownership interest in and/or is a shareholder of **Tres Construction Partners Inc.**

22. **Tres Construction Firm Inc.** is a New York corporation doing business within Queens County. Its DOS Process agent is listed with the NYS Department of State as Tres Construction Firm Inc. with an address of 2409 31st St. Astoria, New York, 11105. Its DOS Process agent is listed with the NYS Department of State as Tres Construction Building Inc. at the same address.

23. Defendant Kalergios has an ownership interest in and/or is a shareholder of Tres Construction Firm Inc.

24. **31-18 24th Avenue LLC** is a New York corporation doing business within Queens County. Its DOS Process agent is listed with the NYS Department of State as 31-18 24th Avenue LLC at 15 Center Drive, Malba, New York 11357.

25. Defendant Kalergios has an ownership interest in and/or is a shareholder of 31-18 24th Avenue LLC.

26. **Kalergios Family LLC** is a New York corporation doing business within Queens County. Its DOS Process agent is listed with the NYS Department of State as Kalergios Family LLC at 15 Center Drive, Malba, New York 11357.

27. Defendant Kalergios has an ownership interest in and/or is a shareholder of Kalergios Family LLC.

28. **Zeus Waste Management, Inc**. is a New York corporation doing business within Queens County. Its DOS Process agent is listed with the NYS Department of State as Zeus Waste Management, Inc at 15 Center Drive, Malba, New York 11357. Defendant Kalergios is listed as its Chief Operating Officer.

29. Defendant Kalergios has an ownership interest in and/or is a shareholder of Zeus Waste Management, Inc.

**Plaintiff Luis Cando**

30. Plaintiff Luis Cando is a resident of Queens, New York.

31. Plaintiff Luis Cando worked for Defendants as a general laborer from November 30, 2010 to March 1, 2020, or thereabouts.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 5

32. At all times material to this action, Plaintiff Cando was an "employee" within the meaning of 29 U.S.C. § 203(e).

33. While working for Defendants, Plaintiff's duties and responsibilities generally included demolition, roofing, and general construction labor.

34. Plaintiff's primary supervisor was Defendant George Kalergios.

35. Plaintiff Cando typically started work at 6:00 AM and stopped work at 4:30 PM. He usually worked 6 days per week. He estimates that he generally worked 50-60 hours most weeks.

36. While working in this capacity, Plaintiff received his schedule via text messages from the secretary of company, who would inform Plaintiff when he would start and end work for the day.

37. The Defendants did maintain records of Plaintiff's time worked.

38. However, Defendants undercounted the quantity of hours he worked.

39. The basis on which Plaintiff was paid was not readily apparent during his employment. Along with his pay he would receive "post-it" notes with handwritten notations showing gross amount earned, withholdings, net paid, and notations of "company owes you [x] hours" or "you owe company [y] hours." In the Defendants' payroll records, his pay is shown on a line item entitled "salary." However, his time was tracked and he understood himself to be paid on an hourly basis.

40. Upon information and belief, the Defendants' pay system was a sort of "comp time" system. They would pay the Plaintiff a set amount (based most recently, in 2020, on a $45,000/year rate, and before that a $40,000/year rate). If he worked more than 48 hours a week (96 hours biweekly) the company would denote that as the company owing him those

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 6

extra hours; conversely, if he worked fewer than 48 hours a week, they marked him as owing the company these hours.

41. Plaintiff was not paid at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek.

**FLSA Collective Plaintiffs**

42. Plaintiff brings the First Claim for Relief (FLSA) as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all non-management laborers employed by Defendants on or after the date three years before the filing of the instant Complaint, in any location (the "FLSA Collective Plaintiffs").

43. Plaintiff foresees others in the same situation to join the collective.

44. Upon information and belief, all of the Defendants' construction laborers are paid improperly for their overtime work, have a common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

45. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties and have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

46. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via means authorized by the Court.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 7

**Rule 23 Class**

47. The Named Plaintiff brings the Second Claim for Relief (NYLL) as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all non-management workers employed by Defendant on or after the date six years before the filing of the instant Complaint within the state of New York (the "Class Plaintiffs").

48. The number of, and identities of, the individuals comprising the Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

49. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than fifty (50) individuals in the proposed Class.

50. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

51. The Named Plaintiff's claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiff is typical of the relief which could be sought by any member of the proposed Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendant as alleged herein. There was nothing special about the Named Plaintiff that caused him to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

and damages arising from Defendants' pay practices.

52. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Further, Plaintiff is represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining position.  A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

54. In addition, important public interests will be served by treating this claim as a class action.  Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

55. Further, especially given the current state of alternative job availability, many current and even former employees understandably fear untoward repercussions for asserting claims on their own.  They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact they require proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and

vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

56. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

   a. Whether Defendants have paid workers overtime properly;

   b. Whether Defendants have paid workers for all compensable hours;

   c. Whether any undercounting of hours has resulted in an underpayment of minimum wages for all hours worked;

   d. Whether Defendants have paid workers "spread of hours" pay when they have worked a day spanning 10 or more hours;

   e. Whether Defendants have issued timely and accurate wage notices in workers' primary languages;

   f. Whether Defendants have issued accurate and informative pay stubs to workers;

   g. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   h. Whether Defendants maintained true and accurate time and payroll records; and

   i. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

57. Plaintiff and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 10

*Failure to Pay Time Overtime Properly*

58. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one- and one-half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

59. Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and others similarly situated, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based on Good Faith & Entitlement to Damages*

60. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

61. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

62. As a result of the violations by Defendant of the FLSA, the Plaintiff and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid/underpaid overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

63. Plaintiff and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

64. At all relevant times, Plaintiff and others similarly situated were employed by Defendants

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 11

within the meaning of the New York Labor Law, §§ 2 and 651.

### Failure to Pay Minimum Wage

65. On at least some occasions, Defendants failed to pay Plaintiff and others similarly situated the minimum wage for all hours worked, in violation of NYLL § 652.

### Failure to Pay Overtime

66. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one- and one-half times their regular rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### Spread of Hours

67. Plaintiff and others similarly situated worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### Failure to Pay Final Wages

68. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

### Failure to Provide Pay Stubs / Wage Notices

69. Defendant failed to furnish Plaintiff with a true and accurate "wage notice" in his native language containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 12

principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b).

70. Defendants also failed to provide others similarly situated with true and accurate "wage notices" in their native languages in contravention of NYLL § 195(1)(a) and § 198(1)(b).

71. Defendant failed to furnish Plaintiff with accurate "pay stubs," or a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

72. Defendants also failed to provide others similarly situated with true and accurate pay stubs in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### Record-Keeping Failures

73. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

74. At all relevant times, Defendants failed to establish, maintain, and preserve for not less than six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4)

75. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### Damages

76. Due to Defendant's New York Labor Code violations, Plaintiff and others similarly situated are entitled to recover unpaid wages, overtime, minimum wages, spread of hours pay, liquidated damages, interest, reasonable attorneys' fees, and costs associated with

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 13

bringing the action. NY Lab. Code § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Facilitate Collective Action treatment for Count I claims pursuant to 29 U.S.C. §216(b);

(B) Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23;

(C) Award Plaintiff and others similarly situated unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(D) Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(E) Award Plaintiff and others similarly situated "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiffs worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, §142;

(F) Award Plaintiff and others similarly situated liquidated damages pursuant to NYLL § 663;

(G) Award Plaintiff a service award for his role as "Named Plaintiff";

(H) Award Plaintiff and others similarly situated interest;

(I) Award Plaintiffs the costs of this action and reasonable attorneys' fees; and

(J) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 14

Respectfully submitted, this **10th** day of **February, 2021.**

                                                ANDERSONDODSON, P.C.

                                                */s/ Penn Dodson*

                                                **Penn A. Dodson (PD 2244)**
                                                ANDERSONDODSON, P.C.
                                                11 Broadway, Suite 615
                                                New York, NY  10004
                                                (212) 961-7639 tel.
                                                (646) 998-8051 fax
                                                *penn@andersondodson.com*

                                                Attorney for Plaintiff

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

*Alvin Cando v. Tres Construction LLC*
USDC, EDNY

Complaint
Page 15